UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTOR OVERALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:07CV01549 ERW |
| | ) |
| SMURFIT-STONE CONTAINER | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Smurfit-Stone Container Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint [doc. #10].

**I. BACKGROUND[1]**

Plaintiff Victor Overall, a male African American, was an employee of Defendant from June 17, 2004 until his termination on January 26, 2005.[2] On January 25, 2005, Plaintiff was suspended due to charges of harassment that were filed against him, and the following day he was terminated for violation of the company's harassment policy. Plaintiff alleges that no written explanation for his termination was provided.

Plaintiff filed a form with the EEOC on January 26, 2005 entitled a "Charge

---

[1]This matter is before the Court on a Motion to Dismiss, therefore the facts are taken from the Plaintiff's Complaint.

[2]In the Complaint, Plaintiff asserts that he was hired by Defendant on June 17, 2004. However, on the charge questionnaire filed with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff listed his date of hire as May 17, 2004. Since the date of hire does not impact the present decision, the Court will assume that the date on the Complaint is correct.

1

Questionnaire," alleging harassment which created a hostile work environment. It is unclear exactly what action was taken as a result of Plaintiff filing this questionnaire, however, an undated letter received by Plaintiff from the EEOC acknowledges the EEOC's receipt of the questionnaire on January 26, 2005, and further states that this matter was closed on March 14, 2005 without a charge of discrimination being filed against the respondent.

Almost two years later, on January 1, 2007, Plaintiff filed a formal charge of discrimination with the EEOC alleging that he was terminated on January 26, 2005 because of his race. On July 12, 2007 Plaintiff received a right to sue letter from the EEOC. On August 31, 2007, Plaintiff filed suit against Defendant alleging race discrimination and seeking relief under Title VII of the Civil Rights Act of 1964 in the form of money damages. On November 8, 2007, Defendant filed a Motion to Dismiss Plaintiff's Complaint; that motion is currently pending before this Court.

## II. LEGAL STANDARD

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F. 3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F. 3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Conley*, 355 U.S. at 45-46.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) (citing *Conley*, 355 U.S. at 47) (emphasis added by *Bell Atlantic Corp.*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)). Furthermore, "[t]he Court need not accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. MO. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## III. DISCUSSION

Plaintiff alleges in his complaint that he was terminated because of his race, following false allegations of sexual harassment. Defendant only briefly addresses the substance of Plaintiff's allegations, focusing on the timeliness of Plaintiff's lawsuit.[3] Plaintiff argues that he filed a timely complaint, but that the EEOC failed to process it, necessitating the subsequent filing in June, 2007.

Title VII requires that a charge "be in writing under oath or affirmation and shall contain

---

[3]The Court notes that Plaintiff has successfully alleged facts sufficient to support a claim of discrimination, such that a motion to dismiss on the basis of the substance of Plaintiff's complaint would be unsuccessful. *See* Fed. R. Civ. P. 12(b)(6).

3

such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred. . . ." 42 U.S.C. §2000e-5(e)(1). The statute allows for three hundred days "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State of local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof . . . ." 42 U.S.C. § 2000e-5(e)(1). Plaintiff alleges that he filed a complaint with the Missouri Commission on Human Rights, and therefore the Court will assume that the 300 day limitations period is applicable.

The second charge of discrimination, filed with the EEOC on June 1, 2007, clearly complied with the statutory requirements; however, this charge of discrimination was untimely, as it was filed more than two years after the alleged discrimination. The Court next considers whether the charge questionnaire, submitted to the EEOC on January 26, 2005, satisfies the statutory requirements for a charge of discrimination, and if so, is it sufficient to satisfy the requirements for the present lawsuit, as it was filed the same day as Plaintiff's termination, and does not address his termination in response to the questions presented on the form.

The Eighth Circuit held in *Lawrence v. Cooper Communities, Inc.*, that "in Title VII cases, questionnaires do not satisfy the statutory requirements for a charge because they are not verified." 132 F.3d 447, 450 (8th Cir. 1998); *see also Diez v. Minnesota Min. and Mfg. Co.*, 88 F.3d 672, 675 (8th Cir. 1996); *Hodges v. Northwest Airlines, Inc.*, 990 F.2d 1030, 1032 (8th Cir. 1993). However, a recent decision by the Eastern District of Missouri, allowed a questionnaire to satisfy the charge requirement on the basis that it was acted upon by the EEOC, and was "verified

by plaintiff under penalty of perjury." *Schlosser v. Westinghouse Electric Company LLC*, 2001 WL 1746574, *2 (E.D.Mo. December 18, 2001).

The form submitted by the Plaintiff as evidence of his complaint, filed in January, 2005, specifically states, above Plaintiff's signature, "I declare under the penalty of perjury that the information provided in this questionnaire is true and correct." *Pl. Response in Opposition to Def. Mot. to Dismiss*, p.5. Under the section entitled "Authority," the form cites §2000e-5(b), which contains the verification requirement. *Id.* Additionally, under "Principal Purpose," the form indicates:

> The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).[4]

*Id.* The language in the form itself supports the conclusion that the intake questionnaire satisfies the statutory requirements for a charge. However, the Court notes that Plaintiff received an undated letter from the EEOC which states that they received an inquiry from the Plaintiff "on or about January 26, 2005." *Id.* at 3. The letter further states that "[i]t [the inquiry] was closed on March 14, 2005, and no charge of discrimination was filed against the respondent." *Id.*

The information before the Court, in the form of the charge questionnaire and the letter received by Plaintiff from the EEOC provide conflicting evidence on whether Plaintiff filed a charge with the EEOC on January 26, 2005. However, the specific statement on the form that this form shall be considered sufficient to satisfy the charge requirement leads the Court to

---

[4]The referenced federal regulations describe the contents of a charge for purpose of Title VII and the Age Discrimination in Employment Act.

conclude that a charge was filed with the EEOC on January 26, 2005. The case before the Court is distinguishable from the Eighth Circuit precedent in *Diez*, where the court relied upon the plaintiff's actions in filling out a subsequent formal charge, as evidence that the plaintiff "understood the questionnaire to be preliminary." *Diez*, 88 F.3d at 677. In the case before us, although Plaintiff filed an official charge of discrimination with EEOC two years later, there is no reason to believe that Plaintiff understand the questionnaire to be preliminary because of the explicit "Principal Purpose" clause in the questionnaire.

The Court has concluded, for purposes of the present motion, that the charge questionnaire was sufficient to satisfy the charge requirement, however, under Title VII, "[i]f a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5. The Court finds that while the intake questionnaire may constitute a charge of discrimination, any investigation into this discrimination by the EEOC ended on March 14, 2005 when it closed its investigation. *See Pl. Response in Opposition to Def. Mot. to Dismiss*, p. 3. This would have allowed Plaintiff until June 12, 2005 to file a lawsuit for discrimination. However, Plaintiff did not file the present action until August 31, 2007. Plaintiff's suit is untimely, and should be dismissed.[5]

---

[5]Defendant also asserts that the intake questionnaire filed with the EEOC on January 26, 2005 did not address Plaintiff's termination which is being challenged in the current lawsuit, and therefore, does not satisfy the requirements of the statute for filing a charge with the EEOC. The Court need not address this question as the lawsuit was untimely filed. While the Court recognizes that "[t]he purpose of filing a charge with the EEOC is to provide the Commission an

## V. CONCLUSION

The Court concludes that even assuming that the charge questionnaire is sufficient to constitute a charge within the terms of Title VII, satisfying the requirement that a charge be filed within three hundred days of the alleged discrimination, he failed to file the present lawsuit within ninety days of the termination of the investigation by the EEOC. Additionally, the Court notes that while Plaintiff filed the present suit within ninety days of the receipt of a right to sue letter following his second charge of discrimination filed with the EEOC, that charge was not filed within 300 days of the allegedly discriminatory conduct. Defendant's motion to dismiss is granted, and Plaintiff's complaint will be dismissed with prejudice, as Plaintiff's untimeliness cannot be rectified.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #10] is **GRANTED**.

Dated this 30th Day of July, 2008.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

opportunity and attempt a resolution of the controversy through conciliation before permitting the aggrieved purpose," it is also clear that "[b]ecause persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).